NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2370-22

KARTIK PATEL and SHIV
HOSPITALITY LLC,

      Plaintiffs-Appellants,

v.

NEW JERSEY DEPARTMENT OF
TREASURY, DIVISION OF
REVENUE AND ENTERPRISE
SERVICES,

      Defendant-Respondent.

> **APPROVED FOR PUBLICATION**
>
> **June 18, 2024**
>
> **APPELLATE DIVISION**

Argued May 29, 2024 – Decided June 18, 2024

Before Judges Sabatino, Mawla, and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1883-22.

John F. Wiley, Jr., argued the cause for appellants (Wiley Lavender Maknoor, attorneys; John F. Wiley, Jr., on the briefs).

Michael J. O'Malley, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel; Michael J. O'Malley, on the brief).

Gianfranco A. Pietrafesa argued the cause for amicus curiae New Jersey State Bar Association (New Jersey State Bar Association, attorneys; William H. Mergner

Jr., President, of counsel and on the briefs; Timothy F. McGoughran and Gianfranco A. Pietrafesa, on the briefs).

The opinion of the court was delivered by

SABATINO, P.J.A.D.

This case of first impression resolves the proper means to attempt to rescind a certificate of dissolution and termination of a New Jersey limited liability company ("LLC"), which allegedly has been filed in error or without authorization. The statutory scheme for LLCs, N.J.S.A. 42:2C-1 to -94, contains no provision authorizing the New Jersey Department of the Treasury to perform such a rescission. The Department accordingly declined plaintiffs' request to rescind a certificate of dissolution and termination that plaintiffs allege had been improperly filed by a former LLC member, advising that such relief can only be obtained through a court proceeding. Plaintiffs then filed a civil action in the Law Division, which transferred the dispute to this court.

For the reasons that follow, we agree the LLC statutes do not empower the Department to rescind such certificates administratively, in the absence of a court order directing such relief. However, we hold our trial courts possess the jurisdiction and authority to grant such relief, with a proper showing of justification by the applicant and upon appropriate notice to interested or affected parties.

I.

The limited record before us presents the following relevant allegations and circumstances.

Creation and Operation of the LLC

On November 20, 2003, co-plaintiff Shiv Hospitality LLC, was created as a New Jersey limited liability company through the filing of a certificate of formation with the Division of Revenue and Enterprise Services[1] within the Department of the Treasury. The certificate lists the LLC's initial members as Pritesh Joshi, Ghayoor Hussain, and Bimal Patel (who signed the certificate and is also listed as the registered agent and authorized representative of the LLC).

The LLC owns and operates a Ramada Inn in Rutherford. As alleged by plaintiffs, the LLC holds a liquor license, although they represent that no liquor has been served on the premises for the past several years. Apparently, discontinuity of the LLC as an active business entity could jeopardize the viability of the license, although we need not resolve that question here.

In March 2004, the LLC's certificate of formation was amended to replace member Ghayoor Hussain with Vinodchandra P. Joshi. That same month, "Ramada Inn" was registered as an alternate name for the LLC.

---

[1] We refer to the Treasury entity as the "Division," although it is sometimes referred to in the record and briefs by the acronym "DORES."

In September 2016, the LLC's certificate was amended by Pritesh Joshi to replace its members with Rohit Shah, Bhavesh Pujara, Kamlesh Patel, and Alpesh Patel.

On November 27, 2019, co-plaintiff Kartik Patel[2] was assigned the entire LLC through a sale of the business. That same day, as the self-described new "sole/managing member," Patel executed an operating agreement for the LLC.

Patel's assignment was not recorded with the Division, leaving the prior owners as the LLC members of record. His counsel represented to us at oral argument that Patel delayed in taking steps to do so until certain outstanding taxes were paid.

Dissolution and Termination of the LLC

For reasons that are unclear from the present record, on December 15, 2020, Bhavesh Pujara, a former LLC member who had previously assigned his interest to Patel in 2019, filed a certificate of dissolution and termination[3] with the Division.

Sometime later, Patel discovered that the certificate had been filed and the LLC was thereby terminated. On April 22, 2021, his counsel wrote a letter to

---

[2] We refer hereafter to Kartik Patel as "Patel," as distinguished from the former LLC members who have the same surname.

[3] For concision, we will at times refer to this as the "certificate."

the Division advising "the accountant [not identified by name] for the former members of the LLC" filed the certificate "without the knowledge or consent of" Patel. Counsel sought immediate reinstatement of the LLC to avoid alleged continued "hardship" in maintaining a liquor license. Patel asserts the Division did not respond to this letter.

The Civil Action and This Appeal

Having failed to obtain relief from the Division, plaintiffs in October 2022 filed a complaint in lieu of prerogative writs in the Law Division against the Division, seeking an order compelling reinstatement of the LLC. The Division denied any obligation to grant plaintiffs relief and any capacity to reinstate the LLC under the applicable statutes. The parties were unable to resolve the dispute with a consent order.

On March 14, 2023, the trial court entered a two-page written order transferring the action to this court, sua sponte, pursuant to Rules 1:13-4(a) and 2:2-3. The trial court reasoned that the transfer of jurisdiction was appropriate because plaintiffs were seeking "a court order compelling action by a State agency." The parties did not object to the transfer.

In their main brief on appeal, plaintiffs urged this court to exercise original jurisdiction over the issues and use the court's "equitable powers to cancel the wrongly filed certificate of dissolution." In response, the Division argued that

it lacked the legal authority to cancel the certificate, but further acknowledged the trial court could apply "principles of law and equity" to provide relief. The Division took no position on whether such relief would be justified in this case.

After the parties submitted their merits briefs, we invited the New Jersey State Bar Association to participate in the appeal as amicus curiae.[4] The Bar Association accepted our invitation and filed an amicus brief arguing that: (1) the Division has a ministerial duty to record documents properly submitted pursuant to the LLC statutes; (2) the Division lacks statutory authority to rescind a certificate of dissolution and termination; (3) a certificate of correction may only correct a filed document, not rescind one; (4) a certificate of dissolution and termination may be rescinded by a court in equity, and (5) this matter should be remanded to the trial court to determine whether equity warrants rescission of this certificate of dissolution.

The parties filed additional supplemental briefs in response to the amicus submission. At the ensuing oral argument, all three counsel generally agreed that the Division lacked the statutory authority to rescind the certificate of dissolution and termination administratively. They each offered suggestions and reactions about the appropriate pathway to pursue such relief.

---

[4] We appreciate the prompt and helpful participation of amicus curiae in this case involving novel issues of statutory interpretation and business law.

II.

Our state statutes governing LLCs have evolved over the years. In 2012, the Legislature recognized that the LLC "is a relatively new form of unincorporated business organization that provides corporate-style limited liability to its owners, while affording the owners the partnership-like capacity to structure the entity by agreement rather than as prescribed by statute." Assemb. Regul. Oversight & Gaming Comm. Statement to A. 1543 (Jan. 30, 2012). "LLCs began to be widely used after IRS Revenue Ruling 88-76 upheld the taxation of LLCs as partnerships." Ibid.

In this state, the Revised Uniform Limited Liability Company Act ("RULLCA") replaced the Limited Liability Company Act ("LLCA") and "governs all limited liability companies" as of March 1, 2014. N.J.S.A. 42:2C-91(b). See also IE Test, LLC v. Carroll, 226 N.J. 166, 177 n. 3 (2016) (noting "[a]ll LLCs in New Jersey are now subject to the RULLCA").

New Jersey's RULLCA was based on the model RULLCA "developed by the National Conference of Commissioners on Uniform State Laws (NCCUSL)" and "is a comprehensive, fully integrated 'second-generation' LLC statute that takes into account the best elements of 'first generation' LLC statutes (such as the 'New Jersey [LLCA],' which was enacted in 1993 and became effective on January 26, 1994) and two decades of legal developments in the field." Assemb.

Regul. Oversight & Gaming Comm. Statement to A. 1543.

The RULLCA "is to be liberally construed to give the maximum effect to the principle of freedom of contract and to the enforceability of operating agreements." N.J.S.A. 42:2C-11(i). This provision was specifically added by committee amendment in the Legislature with the purpose of "mirroring language in current law" in the LLCA. S. Com. Comm. Statement to S. 742 (Feb. 9, 2012).

Pursuant to the RULLCA, LLCs in New Jersey are formed by filing with the Division a "certificate of formation" listing the company name and a mailing address for an initial officer designated to receive service of process. N.J.S.A. 42:2C-18. Thereafter, the certificate of formation may be changed either by "filing an amendment" under N.J.S.A. 42:2C-19(b) or by "filing a restated certificate of formation" under N.J.S.A. 42:2C-19(c).

Additionally, a catchall provision within the statute provides that any "record previously delivered by the company to the filing office and filed" may be corrected by "filing a certificate of correction" "if at the time of filing the record contained inaccurate information or was defectively signed." N.J.S.A. 42:2C-23(a).[5] "When filed by the filing office, a certificate of correction . . . is

---

[5] For instance, such corrections may address a misspelling of a member's name, a typographical error in the company's mailing address, or other comparable errors.

effective retroactively as of the effective date of the record the certificate corrects . . . ."  N.J.S.A. 42:2C-23(c).  The statute contains an exception to that effectiveness provision, specifying that "the certificate is effective when filed . . . as to persons that previously relied on the uncorrected record and would be adversely affected by the retroactive effect."  Ibid.

As we have noted, the present context concerns the dissolution of an LLC. The RULLCA enumerates six events, any one of which may cause an LLC to dissolve:

> (1) an event or circumstance that the operating agreement states causes dissolution;
>
> (2) the consent of all the members;
>
> (3) the passage of 90 consecutive days during which the company has no members;
>
> (4) on application by a member, the entry by the Superior Court of an order dissolving the company on the grounds that [company operations are unlawful or cannot comply with both the certificate of formation and the operating agreement;]
> (5) on application by a member, the entry by the Superior Court of an order dissolving the company on the grounds that the managers or those members in control of the company [engaged in fraud or harmed the applicant-member; and]
>
> (6) A certificate of dissolution is filed before the delayed effective date of a certificate of formation pursuant to subsection e. of section 18 of this act.
>
> [N.J.S.A. 42:2C-48(a).]

9

The "certificate of dissolution" filed with the Division must state "the name of the company and such other information as may be required by the filing office to correctly identify the company and that the company is dissolved."  N.J.S.A. 42:2C-49(b)(2)(a).

The statute further prescribes that, after dissolution, the LLC "shall wind up its activities" and may operate "only for the purpose of winding up."  N.J.S.A. 42:2C-49(a).  "Winding up" consists of settling company debts, closing its activities, distributing any assets, and participating in any litigation.  N.J.S.A. 42:2C-49(b).

Once an LLC has wound up its activities, a "statement of termination" must be filed with the Division "stating the name of the company and that the company is terminated."  N.J.S.A. 42:2C-49(b)(2)(f).[6]

The parties and amicus agree that the RULLCA contains no explicit provision that authorizes the Division to rescind an LLC's certificate of dissolution and termination.  It is plain that such a rescission—which would revive a defunct LLC—would exceed a mere "correction" under N.J.S.A. 42:2C-23(a) of a form that had been filed with the Division.

---

[6]  In practice, the Division allows these steps to be combined through the filing of a joint "certificate of dissolution and termination," which occurred in this case.

We do not construe the statute to repose such authority upon the Division which, in essence, functions in this context as a filing office, not as a substantive decision-maker.[7] Nor are there any regulations that address the question.

Article 7 of the RULLCA, entitled "Dissolution and Winding Up," N.J.S.A. 42:2C-48 to -56, only permits reinstatement of an LLC following administrative dissolution, which occurs if an LLC fails to pay required fees or

---

[7] The Division has a statutory duty to file a record that complies with the "filing requirements" of the RULLCA once applicable fees have been paid. N.J.S.A. 42:2C-22(a) ("If the filing fees have been paid, unless the filing office determines that a record does not comply with the filing requirements of this act, the filing office shall file the record . . . ."). As highlighted by amicus, such a duty has been expressly characterized as "ministerial" by the Uniform Law Commission ("ULC") in its comments on the present version of the uniform legislation on which our Legislature modeled the RULLCA:

> The filing office will not check whether a person who purports to be authorized to sign a record on behalf of an LLC actually has that authority, even if a statement of authority pertaining to the matter is in effect. Indeed, even if the filing office somehow "knows" of a statement limiting authority, the office lacks the authority to reject a record on that basis. See the comment to Section 206(a) (stating the requirements for filing and noting that the filing office's review is ministerial and limited to information pertaining to the stated requirements) and the comment to Section 302(c) (explaining why such a statement of authority does not affect the filing office).
>
> [Nat'l Conf. of Comm'rs on Unif. State L., Uniform Limited Liability Company Act 62 (2014) (emphases added).]

penalties or to file required annual reports. N.J.S.A. 42:2C-54. That is not the situation before us.

We do note our statutory scheme governing <u>corporations</u> provides for revocation of dissolution by filing a "certificate of revocation." N.J.S.A. 14A:12-10. There is no parallel mechanism for LLCs, however, within the RULLCA.

We recognize the important public notice role served by the Division to persons and organizations that deal with New Jersey LLCs. By consulting the Division's public database, outsiders can ascertain key information about an LLC, such as its registered office, registered agent, business purpose, main business address, and the names and addresses of its members or managers. The public relies on that information filed with the State for a variety of commercial and other reasons.

That said, the counsel before us all agree there should be a clear avenue for the present members of an LLC to pursue the rescission of an LLC's dissolution and termination on equitable grounds, in instances where the certificate has been filed improperly. Without reciting the eligible circumstances exhaustively here, they may include situations of inadvertence, miscommunication, confusion, computer error—or even possibly misconduct or fraud by the party who filed the certificate.

In the present case, plaintiffs have no personal knowledge of what prompted Pujara, a previous LLC member who had sold his interest in the company in November 2019, to file the certificate of dissolution and termination of the LLC with the Division in December 2020. He is not a party to this case, and there is no affidavit, certification, or other representation from him in the record. Plaintiffs speculate the December 2020 filing was simply a mistake, but we have no factual proof in the present record to substantiate that supposition.

As a longstanding principle of statutory interpretation, courts strive to construe laws in a "sensible" manner. Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012). At times, courts may be called upon to harmonize disparate statutory provisions, or to interpret the literal contents of a statute in a manner that advances its manifest purposes. State v. Gomes, 253 N.J. 6, 15 (2023).

Here, a manifest purpose of the RULLCA is to assure that the filings with the Division concerning the status of an LLC are up-to-date and duly authorized. The statute imposes an ongoing obligation upon the LLC to promptly correct erroneous information that appears within the LLC's certificate of formation on file with the State. N.J.S.A. 42:2C-24. In that same vein, the statute logically should accommodate a mechanism for rescinding a certificate of authority that was improperly filed and where such after-the-fact relief is supported by

principles of equity.

With the concurrence of all counsel, we conclude the appropriate mechanism to pursue such rescission is through a civil action in the trial court.[8] The trial court shall preside over a hearing to ascertain the bona fides of the request for rescission. At the hearing, pertinent facts and circumstances can be developed through the presentation of evidence, culminating with the court's findings of fact and conclusions of law. We envision the hearing could normally be conducted in an expeditious manner, possibly aided by sworn certifications presented by the applicant from current and former LLC members or other witnesses with knowledge of the circumstances.[9]

Because it is possible that others may have relied upon the certificate of dissolution and termination in the interim after it was filed, it is vital that the hearing be preceded by appropriate notice served upon identifiable persons or entities who have an interest in the matter or will be materially affected. The

---

[8] We believe the trial court is the more appropriate forum for the hearing than the Office of Administrative Law, as the agency head—here the Division Director—lacks the statutory authority to rescind a certificate of dissolution and termination administratively. We note the Attorney General has supplied us, post-argument, with an order and a transcript of a proceeding in an unpublished Law Division case in which a trial court approved the rescission of a certificate. Although we do not cite that unpublished decision, see Rule 1:36-3, it illustrates how the trial court pathway can work to achieve rescission.

[9] We point out that plaintiffs' complaint in the present case was not verified.

trial court shall have the discretion in each individual case to ascertain who should receive notice. Amicus suggests, for example, that notice be provided to the LLC members "listed in the [LLC's] certificate of formation and the latest annual report filed with [the Division], the registered agent of the LLC, and [the Division, care of] the Attorney General's Office." In addition, there may be known creditors, claimants against the LLC, taxing authorities, regulators (in this case, e.g., the Division of Alcoholic Beverage Control), or other parties that might have an interest in the proceeding. We defer to the trial court's case-specific discretion on this notice question.

If, upon completion of the proceeding, the trial court concludes that rescission of the certificate of dissolution and termination is justified, the court shall also determine whether the rescission should be retroactive, in full or in part. Such authority to provide retroactive relief in this rescission context is consistent, by analogy, with N.J.S.A. 42:2C-23(c)(2), which provides that certificates of correction are retroactive, except "as to persons that previously relied on the uncorrected record and would be adversely affected by the retroactive effect."

In light of our analysis, we remand this matter to the trial court pursuant

to <u>Rule</u> 2:5-5(b) for further proceedings[10] consistent with this opinion. At that hearing, the court should explore, among other things: proofs why plaintiff Patel did not record his acquisition of the LLC with the Division before its dissolution and termination, which would have prevented the prior member from terminating the LLC; the delay in discovering the termination of the LLC; the impact of the termination on the liquor license and other assets of the LLC; the motives behind the filing of the certificate of dissolution and termination; and whether any third parties are harmed or affected by the LLC's reinstatement. We intimate no views about the merits.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office

CLERK OF THE APPELLATE DIVISION

---

[10] We appreciate why, in the absence of the jurisdictional guidance of this published opinion, the trial court transferred the case here as a State agency matter. In the future, no such transfers are necessary for this case type, and the trial court should proceed to adjudicate the case.